UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ODELL MOLLEY AND LUCY AKOTO

                        Plaintiffs,     **VERIFIED COMPLAINT**

  -against-

                                                       INDEX NO:

THE CITY OF STATEN ISLAND, STATEN ISLAND
POLICE DEPARTMENT, POLICE OFFICERS ROBERT
ALBERTSON, SHIELD # 10320, ARTHUR TRUSCELL,
TAX ID 931348, SARGENT DAVID LIPPERT TAX ID
9148884 AS WELL AS OTHER UNKNOWN OFFICERS
TO BE NAMED LATER FROM THE 120TH PRECINT,
AS INDIVIDUALS AND POLICE OFFICERS
                        Defendants.
----------------------------------------------------------------X

       Plaintiffs Odell Molley and Lucy Akoto by their attorney Royce Russell of Emdin & Russell, LLP for their complaint allege as follows:

## NATURE OF CLAIMS

1) Plaintiffs seek redress pursuant to 42 U.S.C. Section 1983 and 1988 et seg., for violation of rights secured by the First, Fourth, Sixth, Eighth Amendments and Due Process Clauses of the Fourteenth Amendment of the United States Constitution.

2) Plaintiffs also seek redress under Article 1, Section 11 of the New York State Constitution for denial of equal protection, and redress for tortuous conduct against Plaintiffs by Defendants through Battery, False Arrest, False Imprisonment, Illegal Search and Seizure, Abuse of Process, Abuse of Power and Authority, Conspiracy, Fabrication of Evidence, Malicious Prosecution and Prima Facie Tort.

3) Plaintiffs seek damages, both compensatory and punitive, affirmative and equitable relief an award of costs, interest and attorney's fees and such other further relief as this court deems equitable and just.

4) Due to outrageous and intentional acts of Police Misconduct, the Plaintiffs', were battered, falsely arrested, falsely imprisoned, illegally searched and seized, maliciously prosecuted and among other police misconduct by said Defendants separately. The Plaintiffs were unlawfully arrested for purely fictitious crimes conjured up by said Defendants, Police Officers while knowing all along that no crimes had been committed. Moreover, all said Police Officers, Defendants conspired to and in fact did knowingly offer false statements in efforts of having Plaintiffs criminally prosecuted.

## JURISDICTION

5) This Court is empowered by 28 U.S.C. Section 1331, 1343, 1367, 2201 and 2202, to hear and decide these claims for relief. This Court has pendent and supplemental jurisdiction over all claims asserted herein under the laws of the State of New York pursuant to 28 U.S.C. § 1367(a).

6) Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c). All material events described in this Complaint occurred in the City of Staten Island, State of New York.

## JURY TRIAL DEMANDED

7) Plaintiffs demand a trial by jury of claims pleaded herein.

## PARTIES

8) Plaintiffs, Odell Molley, hereafter referred as "Odell", Lucy Akoto, hereafter referred as "Lucy", residents of the City of Staten Island, County of Richmond, and State of New York.

9) Defendant Police Officers Albertson, Truscelli, Sargent Lippert as well as other unknown police officers were all Police Officers employed by the City of Staten Island, and Staten Island Police Department and are still currently employed by said same.

10) All of the aforementioned Defendants, Police Officers were at all times relevant herein duly appointed and acting officers, servants, employees, and agents of the Staten Island Police Department, a municipal agency of the City of Staten Island. All of the aforementioned named Defendants; Police Officers are also being sued individually.

11) At all time relevant herein, all of the aforementioned named Defendants Police Officers were acting under color of the laws, statues, ordinances, regulations, policies, customs and usages of the State of New York, and the City of Staten Island Police Department, and were acting in the course and scope of their duties and functions as officers, agents, servants, and employees of the City of Staten Island, the Staten Island Police Department, and/or New York City Police Department and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. At all times relevant herein, all of the aforementioned named Defendants Police Officers were acting for and on behalf of the City of Staten Island Police Department, with the power and authority vested in them as officers, agents, servants and employees of the City of Staten Island Police Department, a municipal agency of the City of Staten Island. The Defendant City of Staten Island is liable for all the Causes of Action mentioned herein based on the principle of Respondeat Superior, as well as other principles articulated herein.

## PRELIMINARY FACTS

12) Plaintiffs have complied with all conditions precedent to commencing this action and, in particular, on or about February 1, 2012, within ninety (90) days after the claim upon which this action is based, Plaintiffs duly served upon the Defendants a Notice of Claim pursuant to and in full compliance with the provisions of § 50-h of the New York State General Municipal Law.

13) More than thirty (30) days have elapsed since the service of the Notice of Claim and adjustment or payment thereof has been rejected or refused by the Defendants.

14) This action is being commenced within one (1) year and ninety (90) days after the happening of the event upon which this claim is based.

15) The City of New York conduct, 50 H hearings on or about July 11, 2012.

## STATEMENT OF FACTS

16) Plaintiffs were falsely detained, battered, arrested and illegally seized and searched by all of the aforementioned named Defendants Police Officers on or about January 20, 2012 at approximately 5:00 p.m. or thereafter at the locations of 225 Park Hill, Apartment 2U and/or the 120th precinct located at 78 Richmond Terrace, Staten Island, NY 10301, all in the City of Staten Island, County of Richmond and the State of New York.

17) The arrests and detentions by said Defendants were made without cause or justification. Defendants intentionally, willfully and maliciously, wrongfully, unlawfully, and unjustifiably arrested, detained, battered and incarcerated Plaintiffs.

18) On or about January 20, 2012 Plaintiffs Lucy and Odell were lawfully inside their apartment 2U within the building of 225 Park Hill when the Defendants illegally busted into their apartment using, upon information and belief, a police batter ram to break open the Plaintiffs' apartment door.

19) Defendants upon their illegal entry ordered "Odell" to the ground and tightly handcuffed her as she laid face down on the apartment floor.

20) Plaintiff "Lucy" rushed to the front door and observed the Defendants in her apartment when she was forcibly grabbed and also placed tightly in handcuffs.

21) At this time, "Lucy" repeatedly requested to see a warrant. The Defendants never displayed a warrant upon entry or during the time they were inside the apartment.

22) The Defendants ignored "Lucy's" request/inquiry, as they illegal search and ransacked

the apartment going from room to room.

23) The Plaintiffs remained handcuffed within their own apartment for approximately one hour while their apartment was illegally searched by the Defendants physically and by police dogs.

24) During the search the Defendants asked "Lucy" did she have a son named "Paul" she repeatedly said no, her son's name is "Emanuel."

25) The Defendants illegally interrogated the Plaintiffs inquiring how long they lived in the building and/or the apartment which was illegally searched. Despite "Lucy" answering the Defendants questions, the Defendants ignored her request to see a warrant and did not give her an explanation as to why she and her daughter remained handcuffed and why the Defendants were searching her apartment.

26) The Defendants eventually retrieved prescribed medicine from their search claiming they found Oxycodone.

27) Both Plaintiffs were falsely arrested for Criminal Possession of a Controlled Substance in the Seventh Degree, irrespective of the fact that any medicine in the apartment was prescribed due to the "Lucy's" high blood pressure and "Odell's" seizure attacks.

28) Moreover, no Oxycodone existed in the apartment as "Lucy," a license nurse, explained to the Defendants but to no avail.

29) Plaintiffs were then illegal seized as they were arrested and transported to the 120th precinct.

30) While at the 120th precinct both Plaintiffs were illegal searched as they remained handcuffed.

31) The Plaintiffs remained handcuffed despite complaining that said handcuffs were too tight as they were both remained handcuffed in a holding cell for approximately more than one hour.

32) Plaintiffs were fingerprinted, photographed and interrogated about their son/brother, Defendants insisted Lucy's' son name was "Paul" and consistently questioned whether they lived on "Laurell Street."

33) While being illegal questioned, detained and arrested the Defendants ignored the Plaintiffs' request to loosen the handcuffs that were placed too tight.

34) Plaintiffs were issued Desk Appearance Tickets 120-00072 for Plaintiff "Lucy" and 120-00772 for Plaintiff "Odell" for which the Plaintiffs were falsely accused of possessing a controlled substance supported by Defendants fabrications.

35) Plaintiffs' cases were dismissed upon appearing in court for the second appearance.

36) The Defendants' conduct in illegally entering Plaintiffs' apartment, by force, detaining, imprisoning, battering, illegally seizing, illegally searching the Plaintiffs and their apartment, incarcerating the Plaintiffs, handcuffing the Plaintiffs potentially caused Plaintiffs serious and permanent physical and emotional injury, pain and suffering as well as mental anguish, humiliation and/or harassment.

37) All conduct of the Defendants herein were gross, unlawful, wanton, intentional, purposeful, reckless, negligent and careless.

38) At the time of Plaintiffs' arrest, Plaintiffs had committed no criminal act whatsoever. After Plaintiffs' arrests, all of the named Defendants, Police Officers conspired to "cover-up" their wrongdoing by deliberately manufacturing false evidence against the Plaintiffs.

39) All said named Police Officers, Defendants deliberately provided false and misleading evidence against the Plaintiffs to prosecutorial agencies. Moreover, on two separate occasions while the criminal matter was still pending, said Defendants attempt to gain access to Plaintiffs' apartment fabricating reasons for wanting to enter said apartment. Defendants harassed Plaintiffs.

40) The conduct and actions of the Defendants Police Officers in this case constituted a serious and material departure from establishment methods or Police conduct and procedure.

41) Plaintiffs were respectively forced to retain a criminal defense attorney to defend the false charges against them. Based on the fatal absence of any evidence, (warrant), whatsoever connecting the Plaintiffs to these fabricated crimes and total lack of credibility and/or believability of the Defendants, Police Officers, Plaintiffs charges were dismissed.

42) The conduct of the Defendants in falsely detaining, arresting, battering, imprisoning and fabricating evidence proximately caused Plaintiffs serious and permanent emotional injury, pain and suffering as well as mental anguish, humiliation and embarrassment.

43) All conduct of the Defendants herein were gross, willful, wanton, intentional, purposeful and reckless, negligent and careless.

44) On or about April 25, 2012 all criminal charges were dismissed that being Misdemeanor Possession of a Controlled Substance. Said charges were brought against the Plaintiffs based on false information and evidence that was provided to the District Attorney of Richmond County by the named Police Officers herein.

45) All such information was in fact deliberately false and manufactured by all said Defendants as part of their conspiracy to cover-up their wrongdoing for battering,

illegally searching, and seizing the Plaintiffs as well as falsely detaining/imprisoning and arresting the Plaintiffs for no legitimate cause or purpose.

46) During the drafting of the Desk Appearance Ticket, the Defendants deliberately falsely articulated information against the Plaintiffs in furtherance of their conspiracy to cover-up their wrongdoing.

## FIRST CLAIM OF RELIEF ON BEHALF OF THE PLAINTIFFS, ALLEGING VIOLATIONS OF CONSTITUTION RIGHTS UNDER 42 U.S.C. 1983, BY POLICE OFFICERS ROBERT ALBERTSON, ARTHUR TRUSCELL AND SGT. DAVID LIPPERT IN THEIR INDIVIDUAL CAPACITY AND AS AGENTS OF THE CITY OF STATEN ISLAND AND THE STATEN ISLAND POLICE DEPARTMENT

47) Plaintiffs repeat and re-allege every assertion contained in paragraphs "1" through "45" of this complaint with the same force and effect as if more fully and at length set forth herein.

48) By the aforesaid acts, Defendants have violated Plaintiffs' rights to the equal protection of laws under the Fourteenth Amendment to the United States Constitution, thereby giving rise to a cause of action pursuant to 43 U.S.C. 1983.

49) The conduct and actions of the named Defendants, Police Officers, and the Defendant City of Staten Island, acting under color of law, in falsely arresting, detaining, imprisoning, incarcerating, battering, maliciously prosecuting, providing false evidence and conspiring against Plaintiffs, were done intentionally, maliciously, and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification, and was designed to and did cause specific and serious bodily, mental and emotional harm, pain and suffering in violation of the Plaintiffs' Constitutional rights as guaranteed under 42 U.S.C. 1983, et seq., deprived the Plaintiffs of rights including, but not limited to, their rights under the First and Fourth Amendments guaranteeing due process, right to fair trial and equal protection under the law, and the Eight Amendment guaranteeing protection from cruel and unusual punishment, and Title 42 U.S.C. 1983, et seq.

50) By reason of the Constitutional violations by the Defendants, Plaintiffs has been damaged as set forth above.

## SECOND CLAIM FOR RELIEF ON BEHALF OF THE PLAINTIFFS, ALLEGING VIOLATIONS PURSUANT TO THE NEW YORK CONSTITUTION ART. I, 11, AGAINST ALL NAMED DEFENDANTS

51) Plaintiffs repeat reallege every assertion contained in paragraphs "1" through "50" of this complaint with the same force and effect as if more fully and at length set forth herein.

52) By the aforesaid acts, Defendants have violated Plaintiffs' right to the equal protection laws under Article I, 11 of the New York State Constitution, thereby giving rise to cause of action pursuant to that Article.

53) The conduct and actions of the named Defendants, Police Officers, and Defendant City of Staten Island, acting under color of law, in falsely arresting, detaining, imprisoning, battering, maliciously prosecuting and conspiring against Plaintiffs, were done intentionally, maliciously and/or with a reckless disregard for the natural probable consequences of their acts, was done without lawful justification, and was designed to and did cause specific and serious bodily, mental and emotional harm, pain and suffering in violation of the Plaintiffs' Constitutional rights as guaranteed under law and Constitution of the State of New York. The above described actions and omissions engaged in under color of state law by the named Police Officer Defendants, including Defendant City of Staten Island, sued as a person within the meaning of Article I, 11 deprived the Plaintiffs of rights, including but not limited to, their rights under Article I, 8, 9 guaranteeing freedom of expression and association, Article I, 12 guaranteeing protection against unlawful seizure of his person, Article I, 11 guaranteeing due process and equal protection under the law, and Article I, 15 guaranteeing protection from cruel and unusual punishment.

54) By reason of the Constitutional violations by Defendants, Plaintiffs have been damaged as set forth above.

## THIRD CLAIM FOR RELIEF ON BEHALF OF THE PLAINTIFFS, ALLEGING NEGLIGENT HIRING, TRAINING AND SUPERVISION AGAINST THE CITY OF STATEN ISLAND AND THE STATEN ISLAND POLICE DEPARTMENT

55) Plaintiffs repeat and re-allege every assertion contained in paragraphs "1" through "54" of this complaint with the same force and effect as if more fully and at length set forth herein.

56) The above described injuries suffered by the Plaintiffs are the proximate result of the negligence of the Defendants Staten Island Police Department, in that the Defendant City of Staten Island and the Staten Island Police Department failed to exercise reasonable care in the hiring, employment, supervision and training of its employees.

57) The Defendant City of Staten Island and the Staten Island Police Department had, or should have had, knowledge of the vicious and violent tendencies of its employees, including all of the named Police Officer Defendants.

58) Defendant City of Staten Island, and the Staten Island Police Department knew or should have known of the unlawful actions of the named Police Officer Defendants, through actual and constructive notice, of their unlawful activities, including but not limited to those allegations as set forth in the preceeding paragraphs above. Defendants City of Staten Island, and Staten Island Police Department failed to exercise reasonable care by

retaining and not terminating the employment of the named Police Officer Defendants or taking other appropriate action. The occurrences complained of herein were due to the negligence and recklessness of the Defendant City of Staten Island and the Staten Island Police Department.

59) By reason of the tortuous conduct of Defendants, Plaintiffs have been damaged as set forth above.

## FOURTH CLAIM FOR RELIEF ON BEHALF OF THE PLAINTIFFS, ALLEGING FALSE ARREST AND IMPRISONMENT AGAINST ALL NAMED DEFENDANTS

60) Plaintiffs repeat and re-allege every assertion contained in paragraphs "1" through "59" of this complaint with the same force and effect as if more fully and at length set forth herein.

61) By the aforesaid acts, Defendants unlawfully and unjustifiably arrested, detained and imprisoning Plaintiffs without any lawful cause whatsoever. Defendants acted willfully, unlawfully, maliciously, recklessly and negligently in arresting, detaining and imprisoning Plaintiffs despite Plaintiffs' innocence, and utilized the criminal justice system through conspiracy and providing false evidence and/or the fabrication of evidence to prosecute Plaintiffs in order to cover-up their own wrongful conduct.

62) The Defendants tortuous conduct as set forth above herein directly resulted in the Plaintiffs being wrongfully arrested, detained and/or imprisoned for approximately more than 2 hours as well as forcing the Plaintiffs to litigate the matter before the Court.

63) By reason of the Defendants tortuous conduct, Plaintiffs have been damaged as set forth above.

## FIFTH CLAIM FOR RELIEF ON BEHALF OF THE PLAINTIFFS, ALLEGING FALSE ARREST AND IMPRISONMENT AGAINST ALL NAMED DEFENDANTS PRIMA FACIE TORT

64) Plaintiffs repeat and re-allege every assertion contained in paragraphs "1" through "63" of this complaint with the same force and effect as if more fully and at length set forth herein.

65) In falsely arresting, detaining, imprisoning, fabricating and conspiring against Plaintiffs, Defendants acted with malicious intent, recklessness and negligence to injure and harm Plaintiffs.

66) By reason of the tortuous conduct of Defendants, Plaintiffs have been damaged as set forth above.

67) For all claims under New York State Law, Defendants are jointly and severally liable to the Plaintiffs inasmuch as this action arises out of the exceptions set forth in 1602 subdivisions 5, 7 and 11 of the Civil Practice Law and Rules.

## SIXTH CLAIM FOR RELIEF ON BEHALF OF THE PLAINTIFFS, ALLEGING ASSAULT AND BATTERY AGAINST ALL NAMED DEFENDANTS

68) Plaintiffs repeat and re-allege every assertion contained in paragraphs "1" through "67" of this complaint with the same force and effect as if more fully and at length set forth herein.

69) By the aforesaid acts, Defendants have caused physical harm and injury upon the person(s) of each individual Plaintiff named in the compliant herein. Defendants acted willfully, unlawfully, maliciously, recklessly, unjustifiably, negligently, in the use of excessive force upon the Plaintiffs' person, through forcing them to the ground tightly handcuffed, the Plaintiffs where refusing to loosening said handcuffed.

70) By reason of the tortuous conduct of Defendants, Plaintiffs have been damaged as set forth above.

## SEVENTH CLAIM FOR RELIEF ON BEHALF OF THE PLAINTIFFS, ALLEGING CONSPIRACY AND FABRICATION OF EVIDENCE AGAINST ALL NAMED DEFENDANTS

71) Plaintiffs repeat and re-allege every assertion contained in paragraphs "1" through "70" of this complaint with the same force and effect as if more fully and at length set forth herein.

72) The named Police Officers, Defendants did knowingly and intentionally agree and/or otherwise conspire to provide false testimony and/or evidence against the Plaintiffs to cover-up their wrongdoing of falsely arresting, detaining, and imprisoning, battering, fabricating evidence such as testimony to grand jurors to ensure the malicious prosecution of the Plaintiffs.

73) The product of said conspiracy and fabrication of evidence could have led to Plaintiffs being sentenced to jail for up to one year and receiving a criminal record.

74) The Defendants tortuous conduct caused the Plaintiffs to suffer severe emotional distress and thus the Plaintiffs have been damaged as set forth above.

## EIGHTH CLAIM FOR RELIEF ON BEHALF OF THE PLAINTIFFS, ALLEGING MALICIOUS PROSECUTION AGAINST ALL NAMED DEFENDANTS

75) Plaintiffs repeat and re-allege every assertion contained in paragraphs "1" through "74" of this complaint with the same force and effect as if more fully and at length set forth herein.

76) The Defendants intentionally and knowingly provided false evidence, testimony, and/or information to the prosecutional agencies involved herein in an effort to conceal their wrongful actions.

77) Based on the Defendants' deliberate actions as set forth above, the Plaintiffs were falsely and maliciously prosecuted by the Staten Island District Attorney's Office.

78) The Plaintiffs were compelled to retain counsel to defend themselves against the false charges that were filed against them.

79) As set forth above, the Plaintiffs were forced to endure to appear before Criminal Court Judge in order to be vindicated of the false charges.

80) By reason of the tortuous conduct of Defendants, the Plaintiffs have been damaged as set forth above.

## NINTH CLAIM FOR RELIEF ON BEHALF OF THE PLAINTIFFS, ALLEGING INTENTIONAL INFLICATION OF EMOTIONAL DISTRESS AGAINST ALL NAMED DEFENDANTS

81) Plaintiffs repeat and re-allege every assertion contained in paragraphs "1" through "80" of this complaint with the same force and effect as if more fully and at length set forth herein.

82) By the aforesaid acts, Defendants have caused physical harm and injury upon the person(s) of each individual Plaintiff named in the complaint herein. Defendants acted willfully, unlawfully, maliciously, recklessly, unjustifiably, negligently, in the use of excessive force upon the Plaintiffs, illegally searching, illegally seizing, battering, imprisoning and detaining the Plaintiffs, resulting in the emotional/psychological injuries to the Plaintiffs.

83) By reason of the tortuous conduct of Defendants, Plaintiffs have been damaged as set forth above.

## MONELL CLAIM

84) Plaintiffs repeat and re-allege every assertion contained in paragraphs "1" through "83" of this complaint with the same force and effect as if more fully and at length set forth herein.

85) At all time material to this complaint, the Defendant City of Staten Island, acting through the Staten Island Police Department, had in effect de facto policies, practices and customs that were a direct and proximate cause of the unconstitutional conduct of Defendants. These de facto policies, practices and customs include, inter alia: the failure to properly screen, supervise, discipline, transfer, counsel, and/or otherwise control Police Officers who are repeatedly accused of such acts; and, the Police Code Silence wherein Police Officers regularly cover-up police misconduct such as racial profiling, the unjustified use of force and tactics, like telling false and incomplete stories, or failing to report the misconduct and unjustified force and tactics by other Police Officers during their course of employment.

86) Additionally, Defendants allowed the named Defendants and other officers to participate in racial profiling as to people of color, in particular African-American and Latino, such as illegally detaining, arresting and battering African-American and Latino and then falsifying, fabricating evidence to cover-up their misconduct.

87) While the tolerance for brutality and racial profiling arises from the same set of police attitudes as the tolerance for corruption, there is an important difference. Unlike serious corruption, which most cops outwardly tolerate but inwardly deplore and resent, officers seem fairly tolerant—both outwardly and inwardly—of occasional police brutality and the use of racial profiling...[M]any do not seem to believe that anything is really wrong with a few blows and bruises now and then. Even officers, who would never take a free cup of coffee, seem to tolerate what they believe is a little "street justice." An excessive use of fists to face, a nightstick to the ribs, and knees to groin are seen as the realities of policing. Upon information and belief, this mentality is extended to racial profiling. Moreover when officers are wrong in their assertion of fault or actions they are prepare to cover up such misconduct and view it as part of their employment.

88) The Defendant City of Staten Island and the Staten Island Police Department had or should have had, knowledge of the vicious and violent tendencies of its employees, including all of the named Police Officer Defendants.

89) The Defendant City of Staten Island knew or should have known of the unlawful actions of all of the named Police Officer Defendants through actual and constructive notice of their unlawful activities, including but not limited to, those allegations as set forth in paragraphs "1" through "86" above.

90) Defendant the City of Staten Island failed to exercise reasonable care by retaining and not terminating the employment of all said named Police Officer Defendants or taking other appropriate corrective action. The occurrences complained of herein were due to the

negligence and recklessness of the Defendant the City of Staten Island, County of Richmond.

91) Upon information and belief, the Defendant the City of Staten Island and Staten Island Police Department have failed to effectively screen, hire train, supervise, and discipline their Police Officers, including all of the named Defendant Police Officers, for their propensity for misconduct, including lack of truthfulness, and for their failure to protect citizens from unconstitutional conduct of other Police Officers, thereby permitting and allowing the named Police Officer Defendants herein to be in a position to unjustifiably manufacture evidence, arrest, restrain, battered and imprisoned and detained the Plaintiffs and to otherwise cause them injury and violate their state and federal constitutional rights.

92) Upon information and belief, all of the named Police Officer Defendants have been the subject of prior civilian and departmental complaints of misconduct that gave notice to, or should have given notice to, the City of Staten Island that all of the named Police Officers were likely to engage in conduct that would violate the civil and constitutional rights of the public, such as the conduct complained of by Plaintiffs herein.

93) Upon information and belief, the Defendant City of Staten Island and the Staten Island Police Department, maintained an inadequate structure for risk containment and stress management relevant to its Police Officers, and failed to create proper means of containing such risk and managing such stress. Inter alia, the structure was deficient, at the time selection of Police Officers and thereafter during their employment, in its ability to evaluate and exchange information within the command structure about the performance of individual Police Officers; in its training of supervisory personnel to effectively and adequately evaluate performance of an officer; and in its ability to otherwise put the command structure on notice that an individual or individuals were at significant levels of risk to the public at large or to specific segments thereof. The effect of this was to permit Police Officers to function at levels of significant and substantial risk to the public.

94) As a result of the foregoing conscious policies, practices, customs and /or usages, Defendant City of Staten Island and the Staten Island Police Department, have permitted and allowed the employment and retention of individuals as Police Officers whose individual circumstances place the public or segments thereof at substantial risk of being the victims of violent and fraudulent behavior. Such policies, practices, customs and/or usages are a direct and proximate cause of the injuries to Plaintiffs herein.

95) As a result and proximate result of the City of Staten Island's wrongful policies, practices customs and/or usages complained of herein, Plaintiffs have suffered severe physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

96) Defendant City of Staten Island is additionally liable under the legal principle of Respondeat Superior, in that all of the named Police Officer Defendants were on duty and were acting in the course and scope of their duties and employment as a City of Staten

Island Police Officer during the detention, false arrest, malicious prosecution and battery upon Plaintiffs Lucy an Odell.

**WHEREFORE**, Plaintiffs "Lucy" and "Odell" respectfully request judgment upon all causes of action against Defendants as follows:

1. With respect to Defendant The City of Staten Island; and Staten Island Police Department

    (a) Declaratory judgment declaring that Defendant City of Staten Island and Staten Island Police Department has violated the aforesaid statues and constitutions.

    (b) Restitution to Plaintiffs of their rights, privileges, benefits and income which would have been received by him but for the Defendants unlawful, wrongful, tortuous, and unconstitutional conduct;

    (c) Compensatory damages in an amount to be determined by the court and jury;

    (d) Punitive damages in the amount to be determined by the court and jury

    (e) Reasonable attorney's fees, disbursements and costs of this action, pursuant to U.S.C. Section 1988;

    (f) All legal and statutory interest on sums awarded

    (g) Such other and further relief as this honorable court may deem just, proper and equitable

2. With respect to each Police Officer Defendants;

    (a) Declaratory judgment declaring that the Defendants have violated the aforesaid statues and constitutions;

    (b) Restitution to Plaintiffs of their rights, privileges, benefits and income which would have been received by them but for Defendants' unlawful, wrongful, tortuous, and unconstitutional conduct.

    (c) Compensatory damages in an amount to be determined by the court and jury;

    (d) Punitive damages in an amount to be determined by the court and jury;

    (e) Reasonable attorney's fees, disbursements, and costs of this action, pursuant to 42 U.S.C. Section 1988;

    (f) All legal and statutory interest on sums awarded.

Dated: New York, New York
       January  , 2013

Eindin & Russell, LLP.
Royce Russell, Esq.
Attorneys for Plaintiffs
499 Fashion Avenue, Floor 12N
New York, New York 10018
(212) 683-3995

## ATTORNEY'S VERIFICATION

The undersigned, an attorney admitted to practice in the Courts of the State of New York certifies as follows:

That I am an attorney associated with the law firm of Emdin & Russell, LLP., the attorneys of record for the Plaintiffs in the within action; that I have read the foregoing Verified Complaint and know the contents thereof; that the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters, I believe them to be true.

The undersigned further states that the reason this Verified Complaint is made by me and not by the Plaintiffs is that the Plaintiffs do not reside in the County where the undersigned maintains an office.

The grounds of my belief as to all matters stated upon my knowledge are my interviews with the Plaintiffs and a reading of the documents in my case file.

The undersigned affirms that the foregoing statements are true, under the penalty of perjury.

Dated: New York, New York
January 17, 2013

By: Royce Russell, Esq.